UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ANTHONY RUIZ,

              Plaintiff,

- against -

THE CITY OF NEW YORK and JOHN DOE
1-3, the names being fictitious and
presently unknown, being employees of
the New York City Police Department,

              Defendants.

------------------------------------------------------------x

COMPLAINT
08 CV 2054 (HB)(RLE)

Jury Trial Demanded

       Anthony Ruiz, by his attorney, Matthew Flamm, alleges the following as his Complaint:

### Nature of the Action

       1.     This civil rights action arises from the September 15, 2007 unlawful search, arrest, and strip-search of Anthony Ruiz. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. §2201 as well as compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §1983.

### Jurisdiction and Venue

       2.     This action arises under the United States Constitution and 42 U.S.C. §1983. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1343(3). Plaintiff asserts jurisdiction over the City of New York under 28 U.S.C. §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as do plaintiff's federal claims.

       3.     Under 28 U.S.C. §1391(b) and (c), venue is proper in the Southern District of New York because defendant City of New York resides in that judicial District.

Parties

4. Plaintiff Anthony Ruiz is a citizen of the United States of America residing in the State and City of New York, County of Kings.

5. Defendant CITY OF NEW YORK is a Municipal Corporation within New York State. Pursuant to §431 of its Charter, the City of New York has established and maintains the New York City Department of Police as a constituent department or agency. At all times relevant, the City of New York employed the Police personnel involved in the incident underlying this lawsuit.

6. Defendants "John Doe" 1-3 (collectively the "individual defendants") were at all times relevant duly appointed and acting police officers employed by the New York City Police Department and assigned, upon information and belief, to the 83rd Police Precinct, Brooklyn, New York as a plainclothes street narcotic enforcement unit.

7. At all times relevant, the individual defendants were acting under color of state law.

8. The individual defendants involved in this incident underlying this lawsuit were, at all times relevant, agents, servants and employees acting within the scope of their employment by defendant City of New York.

Notice of Claim

9. On or about October 3, 2007, and within ninety days after claims arose, plaintiff filed a Notice of Claim upon defendant the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

10. The Notice of Claim was in writing and was sworn to by the plaintiff, and contained the name and post office address of the plaintiff.

11. The Notice of Claim set out the nature of the claims, the time when, the place where and manner by which the claims arose, and the damage and injuries claimed to have been sustained.

12. The City of New York assigned the matter Claim Number 2007PI027671.

13. The City of New York has neglected and failed to adjust the claims within the statutory time period.

14. This action was commenced within one year and ninety days after the happening of the events upon which the claims are based.

Facts Underlying<br>
<u>Plaintiff's Claims for Relief</u>

15. On September 15, 2007 at or about 8:00 a.m. at and around the northeast corner of Fayette Street and Broadway near Woodhull Hospital in Brooklyn, New York, the individual defendants accosted Anthony Ruiz, searched him person and arrested him.

16. The individual defendants' unlawful, warrantless search discovered no contraband, stolen property, drugs or drug paraphernalia, tin foil, burglary tools, or indeed any evidence of any wrongdoing much less of a criminal activity.

17. The individual defendants nonetheless arrested and handcuffed Mr. Ruiz without legal cause or justification.

18. Although Mr. Ruiz had done nothing unlawful, the individual defendants then drove Mr. Ruiz around Brooklyn for several hours while they made additional arrests before depositing plaintiff at the 83rd Police Precinct Stationhouse.

19. While at the Stationhouse the individual defendants subjected plaintiff to an illegal and invasive strip search. Again, no contraband or evidence of any crime was found.

20. Mr. Ruiz was eventually brought to Brooklyn Central Booking.

21. The individual defendants, or some of them, presented false information to the Kings County District Attorney's office in an effort to prosecute Mr. Ruiz.

22. The District Attorney refused to prosecute Mr. Ruiz on the false allegations..

23. Finally, after being held for more than thirty hours, Mr. Ruiz was released from Central Booking without seeing a judge and without being charged with any crime or violation.

24. The individual defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the unlawful stop, search, detention, arrest, or strip-search of Mr. Ruiz.

25. Mr. Ruiz suffered mental anguish, shock, fright, trauma and deprivation of his constitutional rights, among other injuries.  He suffered the humiliation, indignity and emotional upset of being subjected to an unlawful strip-search.

26. At all times relevant, and in arresting and imprisoning Mr. Ruiz, bringing false charges against him and subjecting him to an humiliating strip-search, the individual defendants acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

### FIRST CLAIM FOR RELIEF FOR VIOLATING PLAINTIFF'S RIGHT TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

27. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

28. By the actions described above, the individual defendants deprived Mr. Ruiz of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free and secure in his person and his right to be free of arrest or search, except on probable cause or pursuant to warrant.

29. As a consequence thereof, Anthony Ruiz has been injured.

SECOND CLAIM FOR RELIEF FOR FALSE IMPRISONMENT

30. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

31. By reason of the foregoing, plaintiff was intentionally confined without privilege or probable cause to believe a crime had been committed. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

32. As a consequence thereof, Anthony Ruiz has been injured.

THIRD CLAIM FOR RELIEF FOR
VIOLATING PLAINTIFF'S RIGHT TO BE FREE
FROM UNREASONABLE FORCE UNDER THE FOURTH AND
FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION

33. Plaintiff repeats the allegations of paragraphs 1-26 above as though fully stated herein.

34. By the actions described above, the individual defendants, or some of them, deprived Mr. Ruiz of his rights secured by the Constitution and laws of the United States in violation of 42 U.S.C. §1983, including, but not limited to his right to be free from excessive and unreasonable force.

35. As a consequence thereof, Anthony Ruiz has been injured.

FOURTH CLAIM FOR RELIEF FOR ASSAULT

36. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

37. By the actions described above, plaintiff was intentionally placed in apprehension of imminent harmful and offensive contact.

38. As a consequence thereof, Anthony Ruiz has been injured.

FIFTH CLAIM FOR RELIEF FOR BATTERY

39. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

40. By the actions described above, plaintiff was intentionally touched in a harmful and offensive manner.

41. As a consequence thereof, Anthony Ruiz has been injured.

SIXTH CLAIM FOR RELIEF FOR FAILURE TO INTERVENE
TO PREVENT THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

42. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

43. The individual defendants, and each of them, failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Mr. Ruiz was subjected, despite having a reasonable opportunity to do so.

44. As a consequence thereof, Anthony Ruiz has been injured.

SEVENTH CLAIM FOR RELIEF FOR NEGLIGENCE

45. Plaintiff repeats the allegations of paragraphs 1-26 as though fully stated herein.

46. The acts complained of herein resulted from defendant City of New York, through its agents, servants and employees, breaching its duty properly to assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervising or disciplining individual Police personnel who unlawfully detain and arrest, make false allegations, and conduct unlawful strip-searches.

47. The defendant City of New York's failure properly to assign, train, supervise or discipline its Police, including the Police personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional searches, detentions, arrests, false allegations and strip-searches, and allowed the

individual defendants to believe that they could with impunity arrest and abuse Mr. Ruiz.

    48.    As a consequence thereof, Anthony Ruiz has been injured.

### Request for Relief

WHEREFORE, plaintiff respectfully requests that judgment be entered as follows:

(A)    Declaratory relief as follows:
1. A declaration that plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments of the United States Constitution was violated;
2. A declaration that plaintiff's right to be free from unreasonable and excessive force under the Fourth and Fourteenth Amendments of the United States Constitution was violated;

(B)    Compensatory damages in an amount to be fixed at trial;

(C)    By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in an amount to be fixed at trial;

(D)    An award to plaintiff of the costs and disbursements herein;

(E)    An award of attorney's fees under 42 U.S.C. §1988; and

(F)    Such other and further relief as this Court may deem just and proper.

Dated:  February 29, 2008
          Brooklyn, New York

                                      Matthew Flamm **MF1309**
                                      Attorney for Plaintiff
                                      26 Court Street, Suite 600
                                      Brooklyn, New York 11242
                                      (718) 797-3117