UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ANTHONY RUIZ,

                              Plaintiff,                  **ANSWER**

                -against-                        **08 CV 02054 (HB)**

THE CITY OF NEW YORK; and JOHN DOE 1-3,        **JURY**
the names being fictitious and presently unknown,    **TRIAL**
being employees of the New York City Police        **DEMANDED**
Department,

                              Defendants.

------------------------------------------------------------------x

      Defendant THE CITY OF NEW YORK (the "City"), by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Complaint ("Complaint"), respectfully alleges as follows:

      1.     Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to characterize this action as stated therein and to seek the relief stated therein.

      2.     Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      3.     Denies the allegation set forth in paragraph "3" of the Complaint, except admits that plaintiff purports to base venue as stated therein.

      4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

      5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that the City is a Municipal Corporation and that the City maintains a Police Department.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Paragraph "7" of the complaint sets forth conclusions of law rather than averments of fact. Accordingly, no response is required.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that a document purporting to be a notice of claim, (the "Notice") was received by the New York City Comptroller's Office on December 3, 2007, and respectfully refers this Court to the Notice for its content and meaning.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admit the purported Notice was in writing.

11. Denies the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies the allegations set forth in paragraph "13" of the complaint, except admits that Plaintiff's claim has neither been paid nor adjusted.

14. Denies the allegations set forth in paragraph "14" of the complaint, except admit the complaint in this action was filed on February 29, 2008.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits plaintiff was arrested by New York City Police Officers on September 15, 2007.

16. Denies the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Admits the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. In response to the allegations set forth in paragraph "27" of the Complaint, the City repeats and realleges paragraphs "1" through "26" of its answer as if set forth fully herein..

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. In response to the allegations set forth in paragraph "30" of the Complaint, the City repeats and realleges paragraphs "1" through "29" of its answer as if set forth fully herein.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. In response to the allegations set forth in paragraph "33" of the Complaint, the City repeats and realleges paragraphs "1" through "32" of its answer as if set forth fully herein.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. Denies the allegations set forth in paragraph "35" of the Complaint.

36. In response to the allegations set forth in paragraph "36" of the Complaint, the City repeats and realleges paragraphs "1" through "35" of its answer as if set forth fully herein.

37. Denies the allegations set forth in paragraph "37" of the Complaint.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. In response to the allegations set forth in paragraph "39" of the Complaint, the City repeats and realleges paragraphs "1" through "38," of its answer as if set forth fully herein.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. In response to the allegations set forth in paragraph "42" of the Complaint, the City repeats and realleges paragraphs "1" through "41," of its answer as if set forth fully herein.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. In response to the allegations set forth in paragraph "45" of the Complaint, the City repeats and realleges paragraphs "1" through "44" of its answer as if set forth fully herein.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

48. Denies the allegations set forth in paragraph "48" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

49. The complaint fails in whole or in part to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50. The City has not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has it violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51. At all times relevant to the acts alleged in the Complaint, the City acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52. To the extent plaintiff asserts state law claims against the City such claims should be barred by the doctrine of governmental immunity for discretionary, policy-making and/or judgmental functions.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of the City.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54. To the extent plaintiff alleges any claims arising under the laws of the State of New York, plaintiff has failed to comply with New York General Municipal Law §50-e, and accordingly such claims are barred.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Plaintiff can not recover punitive damages from the City of New York.

56.

**WHEREFORE**, defendant THE CITY OF NEW YORK requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         May 20, 2008

MICHAEL A. CARDOZO
Corporation Counsel of the
City of New York
Attorney for Defendant CITY OF NEW YORK
100 Church Street, Room 3-146
New York, New York 10007
(212) 788-1894

By: _____
    David M. Pollack (DP3873)

TO: Matthew Flamm, Esq. (By ECF)